UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| STANDBY RSG LIMITED, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. _____ |
| BROOKING TECHNOLOGIES, LLC, and JEFFREY L. SCHWARTZ, | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Standby RSG Limited ("Standby RSG"), by and through its undersigned counsel, states the following as its complaint against Brooking Technologies, LLC ("Brooking") and Jeffrey L. Schwartz ("Schwartz").

## PARTIES

1. Plaintiff Standby RSG is a company organized under the laws of England and Wales of the United Kingdom with its principal place of business in Cannock, Staffordshire, United Kingdom. Standby RSG is a citizen of the United Kingdom for diversity jurisdiction purposes.

2. Brooking is a limited liability company organized under the laws of Florida with its principal place of business at 104 Liberty Center Place St. Augustine, Florida 32092.

3. Schwartz is the sole member of Brooking. Schwartz resides in Florida. Brooking and Schwartz are citizens of Florida for diversity jurisdiction purposes.

**JURISDICTION AND VENUE**

4. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the parties are citizens of a State and a citizen of a foreign state, and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction because Brooking and Schwartz reside and regularly conduct business in the state of Florida and because Brooking and Schwartz have breached the contract at issue in Florida. *See* Fla. Stat. §§§ 48.193(1)(a)(1), 48.193(1)(a)(7), and 48.193(2).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Brooking and Schwartz reside in Florida in this District, because Brooking and Schwartz have breached the contract at issue in Florida in this District, and because the cause of action arose in Florida in this District.

**FACTUAL BACKGROUND**

7. Standby RSG is in the business of producing and selling road safety equipment for emergency and specialist vehicles.

8. Brooking is in the business of importing and selling road safety equipment for emergency and specialist vehicles.

9. Schwartz is the sole member/manager of Brooking.

10. Brooking and Standby Group entered into a written contract on or about November 1, 2023 where Standby Group and its subsidiaries (including Standby RSG) would provide products to Brooking ("Distribution Agreement"). A copy of the Distribution Agreement is attached as Exhibit A. Schwartz personally guaranteed payment under the Distribution Agreement at ¶ 2a.

11. Standby RSG sold its products to Brooking pursuant to the Distribution Agreement. Brooking ordered goods from Standby RSG in the ordinary course of its business and Standby RSG supplied the goods to Brooking as they were ordered. A copy of a summary of some of the goods ordered by Brooking is attached as Exhibit B.

12. Standby RSG delivered these goods and Brooking received and accepted these goods.

13. Brooking owes Standby RSG an outstanding balance of approximately at least $161,681.81.

14. Standby RSG has repeatedly demanded payment from Brooking. Standby RSG, through undersigned counsel, on or about October 25, 2024 demanded payment in writing from Brooking of the account balance.

15. Brooking has not ever objected for any reason to the amounts due.

16. As a result of Brooking's breach of responsibility to pay for the goods ordered and provided under the Distribution Agreement, Standby RSG brings this action against Brooking for recovery on open account, account stated, breach of contract, unjust enrichment, and against Schwartz under his personal guaranty.

17. All prerequisites to this suit have occurred or have been waived.

## COUNT I: BREACH OF CONTRACT
**(Brooking)**

18. Standby RSG adopts and re-alleges paragraphs 1-17 above as if set out fully herein.

3

19. As set forth above, Standby RSG provided goods to Brooking. Brooking breached the terms of the Distribution Agreement by failing to fully pay Standby RSG for the goods supplied by Standby RSG.

20. To date, Brooking has failed to pay Standby RSG for the goods supplied.

21. Standby RSG has been damaged as a result of Brooking's breach and is entitled to recover from Brooking the compensatory damages sustained due to the breach in the principal amount of the goods ordered and delivered that have not been for, which is at least $161,681.81.

## COUNT II: ACCOUNT STATED
### (Brooking)

22. Standby RSG adopts and re-alleges paragraphs 1-17 above as if set out fully herein.

23. Prior to this lawsuit, Standby RSG and Brooking had business transactions between them. As set forth above, Standby RSG provided goods to Brooking in exchange for payment to be made to Standby RSG.

24. As reflected in Exhibits A and B, Brooking obtained at least $161,681.81 in goods from Standby RSG that it did not pay for. Brooking previously agreed to pay this balance prior to this suit, which balance Plaintiff presented to Brooking. Brooking has not objected to this balance being due. Brooking has failed to date to pay this sum to Standby RSG, despite demand by Standby RSG.

25. Standby RSG has been damaged as a result of Brooking's actions and is entitled to recover from Brooking the compensatory damages sustained in the amount of at least $161,681.81.

DEVINE GOODMAN & RASCO, LLP    2800 PONCE DE LEON BOULEVARD, SUITE 1400, CORAL GABLES, FLORIDA 33134 P  305.374.8200 F  305.374.8208

## COUNT III: OPEN ACCOUNT
(Brooking)

26. Standby RSG adopts and realleges paragraphs 1-17 above as if set out fully herein.

27. Brooking owes Plaintiff at least $161,681.81 pursuant to the Distribution Agreement that is due according to Exhibits A and B. Brooking never objected to this sum being due.

28. Standby RSG has thus been damaged in the amount of at least $161,681.81.

## COUNT IV: UNJUST ENRICHMENT
(Brooking)

29. Standby RSG adopts and realleges paragraphs 1-17 above as if set out fully herein.

30. This is a cause of action for unjust enrichment, being pled in the alternative to Standby RSG's breach of contract claims in the unlikely event that a valid and enforceable contract is not found to exist between Standby RSG and Brooking.

31. Prior to this lawsuit, Standby RSG conferred a benefit upon Brooking. Specifically, Standby RSG supplied Brooking with goods that Brooking agreed to pay for.

32. Brooking wrongfully retained the benefit of the goods supplied by Standby RSG at Standby RSG's expense. In other words, Brooking failed to fully compensate Standby RSG for the value of such benefits and, as a result, Standby RSG has been damaged.

33. Brooking appreciated these benefits and knowingly and voluntarily accepted them. Equity and good conscience require that Brooking should not be able to obtain the benefits without Standby RSG being compensated for such benefits conferred upon Brooking.

34. Plaintiff has no adequate remedy under the law.

35. As a result, Standby RSG is entitled to recover from Brooking all damages sustained as a result of Brooking's failure to compensate Standby RSG for the benefits that Standby RSG conferred upon Brooking, in the amount of at least $161,681.81.

## COUNT V: BREACH OF CONTRACT – GUARANTY
### (Schwartz)

36. Standby RSG adopts and realleges paragraphs 1-17 above as if set out fully herein.

37. Schwartz executed the Distribution Agreement on or about November 1, 2023.

38. The Distribution Agreement contains a personal guaranty of Schwart at par. ¶ 2a.

39. Standby RSG fully performed under the Distribution Agreement.

40. Schwartz breached his guaranty by failing to pay the obligations of Brooking under the Distribution Agreement, in breach of the guaranty.

41. As a direct and proximate result of Schwartz's breaches of the guaranty, Standby RSG has been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Standby RSG demands and prays as follows:

(1) That judgment be entered in favor of Standby RSG and against Brooking for breach of contract, account stated, open account and/or unjust enrichment;

(2) That judgment be entered in favor of Standby RSG and against Schwartz for breach of the guaranty;

(3) That the Court award Standby RSG at least $161,681.81 in damages against Brooking and Schwartz;

DEVINE GOODMAN & RASCO, LLP    2800 PONCE DE LEON BOULEVARD, SUITE 1400, CORAL GABLES, FLORIDA 33134 P 305.374.8200 F 305.374.8208

(4) That the Court award Standby RSG prejudgment interest on such damages;

(5) That the Court award Standby RSG costs and such other relief as is just and proper under the circumstances.

Dated this 25th day of November 2024.

                Respectfully submitted,

                DEVINE GOODMAN & RASCO, LLP
                2800 Ponce de Leon Blvd., Suite 1400
                Coral Cables, FL 33134
                Tel.:  305-374-8200
                Email: grasco@devinegoodman.com

                */s/ Guy A. Rasco*
                Guy A. Rasco, Esq.
                Florida Bar No.: 727520
                *Counsel for Plaintiff*

7

DEVINE GOODMAN & RASCO, LLP    2800 PONCE DE LEON BOULEVARD, SUITE 1400, CORAL GABLES, FLORIDA 33134  P  305.374.8200  F  305.374.8208