# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

STANDBY RSG LIMITED,

    Plaintiff,

vs.
                                        Case No. 3:24-cv-1218-MMH-SJH

BROOKING TECHNOLOGIES, LLC, and
JEFFREY L. SCHWARTZ,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On November 24, 2024, Plaintiff Standby RSG Limited initiated this action by filing a Complaint (Doc. 1) against Brooking Technologies, LLC and Jeffrey L. Schwartz. In the Complaint, Plaintiff states that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 because Defendants are citizens of Florida and Plaintiff is a citizen of the United Kingdom. Complaint at 1-2.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire

into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997).

Here, the Court's diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332. However, Plaintiff does not provide the Court with any support for the proposition that a private limited company, organized under the laws of the United Kingdom, is treated as a corporation for purposes of determining its citizenship, such that its place of incorporation might be determinative of its citizenship. Notably, courts within the Eleventh Circuit have questioned whether a limited company organized under the laws of the United Kingdom is treated akin to a corporation, or more like a limited partnership, limited liability company, or syndicate. <u>See</u> <u>Sanchez v. Certain Underwriters at Lloyd's London</u>, 2022 WL 22824094, *2 (S.D. Fla. Dec. 15, 2022) ("Consequently, before the Court may ascertain whether there is diversity jurisdiction, Plaintiff must identify each member of Brit UW Limited and the citizenship of each member.") (citation omitted); <u>Seaspray Perdido Key Owners Ass'n Inc. v. Certain Underwriters at Lloyd's London</u>, 2021 WL 5278733, *1 (N.D. Fla. June 9, 2021)

("However, because each identified syndicate member is itself a limited company and not a corporation, the citizenship of each member of those identified companies must be established."). If such an entity is more akin to a partnership or LLC, rather than to a corporation, then to establish its citizenship Plaintiff must identify its members and their citizenship. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that in sufficiently alleging the citizenship of unincorporated business entities, parties must list the citizenships of all the members of the LLC and all the partners of the limited partnership).

Additionally, Plaintiff provides insufficient information to demonstrate the citizenship of Defendants. In the Complaint, Plaintiff summarily asserts that "Schwartz resides in Florida" and that "Brooking and Schwartz are citizens of Florida for diversity jurisdiction purposes." Complaint at 1. In doing so, Plaintiff appears to rely on Schwartz's "residence" to determine his citizenship. But residence does not equal citizenship. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity[.]").

In light of the foregoing and "in the hope of preventing the needless expenditure of litigant and judicial resources that occurs when a case proceeds to trial in the absence of subject matter jurisdiction[,]" see Zambelli Fireworks

Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010), the Court will afford Plaintiff an opportunity to submit sufficient information to establish this Court's diversity jurisdiction over the instant action.[1]

[Remainder of page left intentionally blank]

---

[1] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit decisions issued in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

Accordingly, it is **ORDERED** that Plaintiff shall have up to and including **January 6, 2025**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, on December 13th, 2024.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Lc34

Copies to:

Counsel of Record